UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STOPLOSS SPECIALISTS, LLC and JOHN LEWIS, <br><br> **Plaintiffs,** <br><br> v. <br><br> VERICLAIM, INC. AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., <br><br> **Defendants.** | **Civil Action No.:** <br><br> **1:16-cv-03644-AT** <br><br> **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiffs StopLoss Specialists, LLC ("StopLoss") and John Lewis ("Lewis") (collectively, "Plaintiffs") hereby file their Amended Complaint against Vericlaim, Inc. ("Vericlaim") and Sedgwick Claims Management Services, Inc. ("Sedgwick") (collectively, "Defendants") and in support thereof state the following:

## PARTIES

1. StopLoss is a Georgia Limited Liability Company licensed to conduct business, and doing business, in the State of Georgia. Its principal place of business is located in Alpharetta, Forsyth County, Georgia.

2. John Lewis is a Georgia resident and is Chief Executive Officer and fifty-percent (50%) owner of StopLoss.

3.     Defendant Vericlaim, Inc. is a Delaware corporation licensed to do business, and doing business, in the State of Georgia.  Vericlaim may be served via its registered agent, CT Corporation Systems, 1201 Peachtree Street, Suite 1240, Atlanta, Georgia  30361.  Vericlaim is a subsidiary of Defendant Sedgwick Claims Management Services, Inc.

4.     Defendant Sedgwick Claims Management Services, Inc. is an Illinois corporation licensed to do business, and doing business, in the State of Georgia. Sedgwick may be served via its registered agent, CT Corporation Systems, 1201 Peachtree Street, Suite 1240, Atlanta, Georgia  30361.

## JURISDICTION AND VENUE

5.     This action is a civil action with a claim of which this court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.     Venue is proper in the Northern District of Georgia because this action was removed to this Court from the Superior Court of Fulton County, Georgia by Defendants on September 28, 2016.

## BACKGROUND FACTS

7.     StopLoss is in the business of remediating and preventing further damage to property caused by cataclysmic events and natural disasters such as flooding, fire, storm damage, tornadoes, and hurricanes.

8. Due to the nature of Plaintiffs' business, trade and professional integrity and trustworthiness are critically important.

9. On or about August 26, 2015, Lewis, for the first time, came into possession of an e-mail authored by Vericlaim employee Tom Rongstad ("Rongstad") and sent to at least eight (8) recipients ("Rongstad e-mail").

10. In the Rongstad e-mail, Rongstad, in the course of his business, vocation, or occupation, published false, misleading, and untrue statements about Plaintiffs' business. Specifically, Rongstad falsely and expressly accused Plaintiffs of willfully engaging in "insurance fraud."

11. On May 19, 2016, the undersigned counsel wrote to Vericlaim's CEO, Michael Arbour, requesting a retraction of, and apology for, the false, defamatory accusations in the Rongstad e-mail. (Ex. 1). Counsel also requested copies of all documents supporting Rongstad's outrageous allegations.

12. To date, no retraction or apology has been made and no documents have been provided.

## COUNT I

### Defamation/Defamation *Per Se*

13. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 12, above.

14. Rongstad's statements about Plaintiffs are false and untrue, and defamed Plaintiffs.

15. Rongstad published the false and defamatory statements by e-mailing them to at least eight (8) other people. The extent to which Rongstad and the eight others re-published the false, defamatory statements to additional people and/or entities is presently unknown.

16. Rongstad published the false and defamatory statements with the knowledge that the statements were false, or with reckless disregard as to their falsity.

17. The false and defamatory statements were not privileged.

18. Rongstad negligently published the false and defamatory statements about Plaintiffs, causing them to suffer damages, including monetary loss and injury to reputation.

19. The Rongstad e-mail constitutes defamation *per se* (for which damage is inferred) in that it makes charges against Plaintiffs in reference to their trade, office, or profession, calculated to injure Plaintiffs therein, and can be so understood without reference to additional or extrinsic facts.

20. The Rongstad e-mail constitutes defamation *per se* (for which damage is inferred) for the additional reason that it imputes to Plaintiffs a crime punishable by law (i.e., insurance fraud), and can be so understood without reference to additional or extrinsic facts.

21. Rongstad published the defamatory Rongstad e-mail in the ordinary course and scope of his employment with Defendants while in the discharge of his duties as Defendants' agent.

22. Having done nothing to retract or otherwise mitigate the highly damaging nature of the Rongstad e-mail despite knowing of Rongstad's wrongful actions in publishing the false, defamatory e-mail, Defendants have approved, condoned and ratified Rongstad's actions, and are liable therefor.

## COUNT II

### Violation of Georgia Uniform Deceptive Trade Practices Act

### (O.C.G.A. § 10-1-370 *et seq.*)

23. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 22, above.

24. Rongstad knowingly made false representations of fact with respect to Plaintiffs' business.

25. Rongstad's deceptive acts and practices include the dissemination of false statements disparaging Plaintiffs' business, specifically, accusing Plaintiffs of willfully engaging in what Rongstad said is "insurance fraud."

26. The false statements were not privileged.

27. Rongstad published the false statements in the course of his business, vocation, or occupation.

28. Rongstad published the false statements in the ordinary course and scope of his employment with Defendants while in the discharge of his duties as Defendants' agent.

29. Having done nothing to retract or otherwise mitigate the highly damaging nature of the Rongstad e-mail despite knowing of Rongstad's actions in publishing the false statements, Defendants have approved, condoned and ratified Rongstad's actions, and are liable therefor.

30. Plaintiffs are likely to continue to be damaged by Rongstad's false statements, as it appears that Defendants will continue to do nothing to stop or reduce the damage the Rongstad e-mail is causing and will continue to cause.

31. Such potential damage includes, but is not limited to, loss of future business and continued damage to Plaintiffs' business reputation and good name due to Rongstad's false statements.

32. There is a substantial likelihood of success on the merits of Plaintiffs' claims in that it is substantially likely Rongstad's statements will be proven false.

33. If the wrongful conduct is not enjoined, Plaintiffs will suffer immediate and irreparable harm for which no adequate remedy exists at law.

34. The potential injury Plaintiffs will suffer is not outweighed by any harm to Defendants from such an injunction. Indeed, Defendants will suffer no harm.

35. Issuance of an injunction would not be adverse to the public interest.

36. Plaintiffs thus seek appropriate injunctive relief to remedy Defendants' misconduct under O.C.G.A. § 10-1-373 and interpretive case law, including, but not limited to, a mandatory injunction directing Defendants to take all steps necessary to prevent further damage to Plaintiffs' reputation and good name, including, but not limited to, issuing a corrective release and formal, public retraction of Rongstad's false statements.

## COUNT III

### Tortious Interference with Business Relations

37. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 36 above.

38. Upon information and belief, Defendants intentionally interfered with existing and prospective business relationships of Plaintiffs by publishing the false and scandalous statements in the Rongstad e-mail.

39. In interfering with such relationships, Defendants acted improperly and without privilege.

40. Defendants were not parties to these business relationships.

41. Such interference was done by Defendants purposefully, with malice and with the intent to injure Plaintiffs.

42. As a direct and proximate result of such injury, Plaintiffs have suffered damages for which Defendants are liable.

43. Such damages are in an amount to be determined at trial.

## COUNT IV

### Punitive Damages

44. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 43, above.

45. The tortious conduct described above was committed by Defendants intentionally, willfully, maliciously, wantonly, and with utter disregard to the consequences to Plaintiffs. In addition to full compensatory damages and all other relief sought herein, Plaintiffs are entitled to an award of punitive damages against Defendants in an amount to be determined by the enlightened conscience of the jury sufficient to deter Defendants from engaging in such conduct in the future.

## COUNT V

### Attorneys' Fees

46. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 45, above.

47. Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense.

48. Plaintiffs are therefore entitled to recover their attorneys' fees and expenses incurred in this action under O.C.G.A. § 13-6-11.

49. Defendants have also willfully engaged in the trade practice described above, knowing it to be deceptive.

50. Plaintiffs are therefore entitled to recover their attorneys' fees and expenses incurred in this action under O.C.G.A. § 10-1-373(b).

51. Defendants have also asserted a position with respect to which there exists a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted position.

52. Plaintiffs are therefore entitled to recover their attorneys' fees and expenses incurred in this action under O.C.G.A. § 9-15-14(a).

**WHEREFORE**, Plaintiffs respectfully request the following relief:

1. Process issue and be served upon Defendants;

2. An award of compensatory and consequential damages in amounts to be determined at trial;

3. A mandatory injunction directing Defendants to take all steps necessary to prevent further damage to Plaintiffs' reputation and good name;

4. An award of punitive damages against Defendants in an amount to be determined at trial;

5. An award of Plaintiffs' attorney fees;

6. Costs be taxed against Defendants; and

7. Such other and further relief as this Court shall deem just and proper.

Respectfully submitted, this 21st day of October, 2016.

>*/s/ Lauren A. Nations*
>John F. Wymer, III
>Georgia Bar No. 779418
>Lauren A. Nations
>Georgia Bar No. 301299
>Sherman & Howard L.L.C.
>1555 Peachtree Street, N.E., Suite 850
>Atlanta, GA 30309
>Tel.:   (404) 567-4395
>Fax:   (404) 567-4416
>jwymer@shermanhoward.com
>lnations@shermanhoward.com
>
>***Counsel for Plaintiffs StopLoss Specialists, LLC and John Lewis***

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in LR 5.1.

Respectfully submitted this 21st day of October, 2016.

>*/s/ Lauren A. Nations*
>Lauren A. Nations
>Georgia Bar No. 301299
>SHERMAN & HOWARD L.L.C.
>1555 Peachtree Street NE, Suite 850
>Atlanta, GA 30309
>Tel.:  (404) 567-4395
>Fax:  (404) 567-4416
>lnations@shermanhoward.com
>
>Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STOPLOSS SPECIALISTS, LLC and JOHN LEWIS,<br><br>**Plaintiffs,**<br><br>v.<br><br>VERICLAIM, INC. AND SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>**Defendants.** | **Civil Action No.:**<br><br>**1:16-cv-03644-AT**<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2016, I electronically filed true and correct copy of the foregoing **AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Robert C. Khayat, Jr.
Eliyahu E. Wolfe
THE KHAYAT LAW FIRM
75 14th Street, N.E.
Suite 2750
Atlanta, GA  30309
rkhayat@khayatlawfirm.com
ewolfe@khayatlawfirm.com

*/s/ Lauren A. Nations*
Lauren A. Nations
Georgia Bar No. 301299

12